UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United National Insurance Company <br>       Plaintiff, <br> <br> v. <br> <br> MNR Hotel Group/363 Roberts Partners, LLC, <br> and DNA Lodging East Hartford, LLC <br>       Defendants. | Civil Action No.: 3:19-cv-1265 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

United National Insurance Company, a member of Global Indemnity Group, Inc., asserts this claim for declaratory relief for the purpose of determining the parties' respective rights and obligations under the insurance policy issued to 363 Roberts Partners, LLC/MNR Hotel Group, and alleges:

**I.   Parties**

1. Plaintiff, United National Insurance Company ("United National") is authorized to do business in the state of Connecticut and is a Pennsylvania corporation with a principal place of business in Bala Cynwyd, Pennsylvania.

2. Defendant, MNR Hotel Group/ 363 Roberts Partners, LLC, is a resident of 363 Roberts Street, East Hartford, Connecticut.

3. Defendant, DNA Lodging East Hartford, LLC, is a resident of 105 Club Road, Riverside, Connecticut.

**II.   Jurisdiction**

4. The action is within the jurisdiction of this court, pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

5. This court has jurisdiction over this matter and may enter a declaration of rights and responsibilities of the parties pursuant to 28 U.S.C. § 2201.

6. An actual controversy of a justifiable nature exists between the parties involving the rights and obligations under a Commercial Insurance Policy (the "Policy") issued by United National to MNR Hotel Group/ 363 Roberts Partners, LLC.

7. A declaration of this Court will resolve the controversy between the parties.

### III.  Statement of Facts

8. United National Issued a Commercial Insurance Policy (Policy No. MP0966799)("Policy") with effective dates September 28, 2018 to September 28, 2019 to 363 Roberts Partners, LLC. .

9. The Policy contained the following provision:

**CAUSES OF LOSS – SPECIAL FORM**
…
**B. EXCLUSIONS**
…
**2.** We will not pay for loss or damage caused by or resulting from any of the following:
…
g. Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment (except fire protective systems) caused by or resulting from freezing, unless:
(1) You do your best to maintain heat in the building or structure; or
(2) You drain the equipment and shut off the supply if the heat is not maintained.

See CP 10 30 06 95 at page 2 of 6.

**E. LOSS CONDITIONS**
The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
…
**6. Vacancy**

1598001,1

**a. Description of Terms**

(1) As used in this Vacancy Condition, the term building and the term vacant have the meaning set forth in (1)(a) and (1)(b) below:

 (a) When this policy is issued to a tenant, with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.

 (b) When this policy is issued to the owner of a building, building means the entire building. Such building is vacant when 70% or more of its square footage:

  (I) Is not rented; or

  (II) Is not used to conduct customary operations.

(2) Buildings under construction or renovations are not considered vacant.

**b. Vacancy Provisions**

If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

**(1)** We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

 **(a)** Vandalism;
 **(b)** Sprinkler leakage, unless you have protected the system against freezing;
 **(c)** Building glass breakage;
 **(d)** Water damage;
 **(e)** Theft; or
 **(f)** Attempted theft.

**(2)** With respect to Covered Causes of Loss other than those listed in b.(1)(a) through b.(1)(f) above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

See CF 160 (6-95) OP 00 10 0685 at page 6 of 9.

10. At all relevant times, the Defendants, MNR Hotel Group/363 Roberts Partners, LLC, and then DNA Lodging East Hartford, LLC (the "Defendants") owned the Property at 363 Roberts Street, East Hartford, CT 06108 (the "Property).

11. Upon information and belief, the Property contained a gas-fired heating system (the "heating system").

13. In or about, February, 2019, Defendants failed to do their best to maintain heat in hallway and rooms of the Property.

14. In or about February 2019, water pipe(s) in the Property froze and burst.

15. The frozen and burst pipes in the Property caused damage to the Property.

16. At the time of the incident, Defendants knew or reasonably should have known that the heating system in the Property was not operating fully on the fifth floor of the Property and was not sufficient to maintain heat in the Property.

17. The Defendant's failure to do their best to maintain heat in the Property caused the water pipe(s) to freeze and burst.

18. At the time of the incident, Defendants knew or reasonably should have known that freezing conditions existed within the Property.

19. Defendants have presented claims to United National for damage to the Property as a result of the freeze-up/water loss.

20. United National is entitled to deny coverage for the claims arising out of the freeze-up water loss because Defendants failed to do their best to maintain heat at the Property.

## IV. COUNT I – DECLARATORY JUDGMENT

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above, as if expressly re-written and set forth herein.

22. Defendants failed to do their best to maintain heat at the Property.

23. United National's insured(s) breached their obligation to do their best to maintain heat at the Property.

24. There is no coverage under any insurance policy issued by United National for/to the Defendants for any claims arising out of the freeze-up/water loss that was discovered on or about February 3, 2019 at 363 Roberts Street, East Hartford, CT 06108.

25. Based upon the foregoing, United National states that an actual and bona fide controversy exists between the parties as to their legal relations with respect to the insurance policy issued by United National, and the parties' rights and liabilities can only be determined by Declaratory Judgment.

26. United National is entitled to a declaration that there is no coverage under any insurance policy issued by United National for any claims arising out of the freeze-up/water loss at 363 Roberts Street, East Hartford, CT 06108, including the real property damage claims submitted by the Defendants.

WHEREFORE, Plaintiff, United National, demands that this Court enter an order in its favor against the Defendants:

    a.    declaring that:

        1. there is no coverage under any insurance policy issued by United National, for any claims arising out of the freeze-up/water loss that was discovered on or about February 3 at 363 Roberts Street, East Hartford, CT 06108, including, specifically claims asserted by or on behalf of the Defendants; and,

        2. United National is entitled to deny any and all claims submitted by or on behalf of the Defendants on account of the freeze-up/water loss at 363 Roberts Street, East Hartford, CT 06108;

    b.    awarding Plaintiff the costs herein expended and such other and further relief that this Court deems just and property.

                                              Respectfully submitted,
                                              United National Insurance Company
                                              By its attorney,

                                              */s/ John A. Donovan III*
                                              John A. Donovan, III - Bar No. CT29227
                                              SLOANE AND WALSH, LLP.
                                              One Center Plaza, 8th Floor
                                              Boston, MA 02108
                                              617-523-6010

Dated:  August 14, 2019